SAMUEL DAGGETT, Treasurer, *versus* JOSIAH EVERETT, JR. & *al.*

By St. of 1821, c. 116, § 47, it is the duty of an officer having arrested a delinquent collector of taxes, by virtue of a treasurer's warrant of distress, to commit him to prison ; and this provision is not repealed by St. 1836, c. 245, § 6.

A bond given by a delinquent collector of taxes, who has been arrested by virtue of a treasurer's warrant, to procure his discharge, but not committed to gaol, is unauthorized by statute, and void.

EXCEPTIONS from the District Court.

This was an action of debt. The general issue was pleaded and joined.

It appeared from the plaintiff's declaration, that the defendant, a collector of taxes in the town of New Vineyard, having been arrested at New Portland, by virtue of a warrant of distress issued against him by the plaintiff, the treasurer of said town, for the balance due on the tax bills assessed on school district No. 5, in said New Vineyard, which were committed to him for collection, he gave a bond, without being committed to gaol, running to the plaintiff, as treasurer of said town, or his successor, &c., the conditions of which had not been performed.

WHITMAN J. who tried the cause, considering the plaintiff's declaration as insufficient in law to sustain his action, ordered a nonsuit — to which order of the Court exceptions were duly filed and allowed.

*R. Goodenow,* for the plaintiff. The objects of the statutes of 1835–6, were to afford speedy relief to persons arrested on final process without their commitment. Being designed for the benefit of the debtor, it should be liberally construed. Therefore the statute provision that the collector, when committed, shall give a bond, applies equally to the case of arrests. The warrant, in general terms, directs a commitment.

*Webster,* for the defendants. The sheriff had no right to take a bond without committing to gaol. St. 1836, c. 245, § 6 ; St. 1821, c. 116, § 44, 47. This being a statute provision, unless the remedy provided by statute be strictly pursued, the proceed-

ings are void. That has not been done in this case. Before St. 1836, no bond could be taken without commitment; but the statute makes no provision for taking a bond of the collector, arrested on a treasurer's warrant. The repeal of § 47, of c. 116, is not a repeal of the provision requiring him to be committed to gaol; and the bond, having been given without commitment, is void.

The opinion of the Court was delivered by

WESTON C. J. — By the statute of 1821, c. 116, concerning the assessment and collection of taxes, § 47, a constable or collector, to whom tax bills had been duly committed for collection, and who had been delinquent in the discharge of his duty, was made liable to be arrested on a warrant of distress, and committed to prison, with the privilege of being admitted to the liberty of the gaol yard upon giving bond, as then required by law. Under this law, it was the duty of the officer, who had arrested such delinquent collector, on a warrant of distress, to commit him to prison.

The statute of 1836, c. 245, § 6, provides, that when such delinquent collector is committed to prison, upon such arrest, he shall be subject to the provisions of that statute and of that to which it is supplementary, and such part of § 47, of the act first cited, as is inconsistent therewith is repealed. The officer took the bond in suit, without first committing the collector. And this, in our opinion, was unauthorized. It may be said, that the commitment is a useless formality, attended with expense and inconvenience to no purpose, and could not have been intended by the legislature. We can gather their intention only from the words used, where they are plain and intelligible. And as they have expressly based the proceedings, provided for in the last statute, upon the actual commitment of the collector to gaol, we are not at liberty to dispense with this condition.            *Exceptions overruled.*